UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARY WHITE, Administratrix of
the Estate of PAUL WHITE                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:14CV-223-CRS

CARL L. PERKINS, et al.                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on motion of Mary White, Administratrix of the Estate of Paul White, for leave to file an intervening complaint to add a claim for loss of consortium on her own behalf. DN 20. The defendants, Carl L. Perkins and Hartshorn, LLC, oppose the motion and have filed a motion *in limine* to exclude evidence of or any claim of damages arising from Paul White's death on May 7, 2014. DN 25.

On April 4, 2013, defendant Perkins, an employee of Hartshorn, LLC, was operating a motor vehicle which collided with the vehicle being operated by Paul White. White suffered extensive injuries allegedly including traumatic brain injury, broken ribs, vertebral fractures, lacerations and contusions. After the accident, White is alleged to have suffered from chronic pain syndrome, dehydration, depression, anxiety, decubitus ulcers, chronic fatigue, loss of memory, loss of appetite, hypersomnia, confusion, cognitive deficits, loss of recognition of friends, inability to manage daily

affairs, including his fiscal affairs, home and property management, and upkeep of his home and property. Paul White filed a complaint for personal injuries against Perkins and Hartshorn on February 4, 2014.

On May 7, 2014, White began working on the family Yard Machine lawnmower by hoisting it in the air via a strap system which included nylon ropes. While White was under the lawnmower, one of the nylon ropes snapped and the lawnmower fell on him, killing him.

After his death, Mary White, as administratrix of the estate, revived her husband's claims. On November 20, 2014, she filed the present motion seeking leave to file an intervening claim to state a claim for loss of the consortium of her husband. For the reasons set forth below, the motion must be denied, as Mary White's claim for loss of consortium is time-barred.

The proposed intervening complaint (DN 20) of Mary White contains, in pertinent part, the following allegations:

> 7. Paul White, Mary White's now deceased husband, suffered significant injuries as a result of the April 4, 2013 motor vehicle accident caused by Carl Perkins included [sic] but is [sic] not limited to, traumatic brain injury, multiple broken ribs, vertebral fracture C6-7, severe lacerations, multiple contusions, head and neck bruising and cognitive deficits.
>
> 8. The injuries suffered as a result of the April 2013 motor vehicle accident as detailed in Paragraph 7 resulted in...confusion, cognitive deficits,...inability to manage daily affairs which include...equipment maintenance for home and property.
>
> 9. As a result of Paul White's conditions and resulting limitations as in Paragraph 7 and 8, Paul White's son, Brian Simmons, moved home to take care of his parents' home/property and maintain the equipment for the property upkeep...
>
> 11. Due to his injuries and resulting conditions, on or about May 7, 2014, Paul White chose to work on the family...lawnmower...alone...
>
> 13. On or about May 7, 2014, while working under...[the] lawnmower alone, one of the nylon ropes broke, causing the lawnmower to fall and kill Paul White.

> 14. The expected testimony of Paul and Mary White's co-workers, family, and friends will include but is not limited to:
>
>    ...
>
>    d. One or more observed that the specific nylon rope that had snapped was frayed, discolored (sun bleached) and in overall poor condition;
>
>    ...
>
>    g. One of more will testify based on their observations, long personal experiences and knowledge of Paul White that after seeing the snapped rope and its poor condition, one of their first thoughts was that, "The Paul I knew before the wreck would have immediately noticed its poor condition and replaced it before he worked under the lawnmower..."
>
>    ...
>
> 18....Pursuant to KRS 411.145 and *Martin v. Ohio County Hospital Corp.*, 295 S.W.3d 104 (Ky. 2009), Mary White, widow of Paul White, hereby asserts a post-death loss of consortium claim that accrued on Paul's date of death on May 7, 2014...

Four days after filing the motion for leave to file intervening complaint, Mary White filed two affidavits, one of Officer Rocco Besednjak of the Shepherdsville State Police who was on the scene of the automobile accident, and one of Kenneth Thomas Ashbaugh, a family friend and co-worker of Paul White, whose opinion of Paul White's post-accident infirmity is quoted in the proposed intervening complaint. The court presumes that these affidavits were filed in support of Mary White's motion.[1]

The Ashbaugh affidavit recites that after the accident "Paul White's whole person seemed to change...After the wreck, Paul White was like a zombie. His memory got bad, he did not seem to focus on details like he used to about anything...After the wreck, due to these changes, it was not safe for Paul White to work on the property equipment." DN 21-2, ¶¶ 7-9.

---

[1] There is no reference to the affidavits in White's motion. In fact, the motion contains no supporting memorandum at all which, in and of itself, is sufficient grounds to deny the motion. However, White did file a reply to the defendants' response brief.

In *Martin v. Ohio County Hospital Corp.*, 295 S.W.3d 104, 115 (Ky 2009), the Supreme Court of Kentucky stated that

> Kentucky's loss of consortium statute, KRS 411.145, is compensatory in nature, and creates an independent cause of action for the spouse of an injured or deceased person. The statute is silent as to the duration of any damages from the loss, and this court will not provide a term that is missing by limiting recovery only up to the time of death.

The court in *Martin* explained that

> The Court of Appeals held that the Appellee, who was the defendant at trial, was entitled to a directed verdict because Mrs. Shreve had not lived long enough to allow for a loss of consortium claim, since such a claim terminated at her death. This Court is reversing because it reads KRS 411.145 as allowing such claims and damages to extend beyond death, meaning that a directed verdict on that ground would not be proper.

*Id.* at 111.

White thus correctly asserts that a consortium claim belongs to her alone, and that the claim was not extinguished upon the death of her spouse. The defendants do not take issue with this principle. Rather, the stumbling block for White is that the limitations period began to run on her consortium claim on the date of the accident and expired one year later, in April of 2013. Her claim was not proposed until November, 2014, after the incident in which Paul White lost his life. It is clear from Mary White's own evidence that she, her son, and friends were aware of his injuries at the time of the accident. Indeed, the particular infirmity which allegedly caused his poor judgment on the occasion when he was killed was readily apparent to all.

Under Kentucky law, "absent a latent injury, the statute of limitations period begins to run on the date the injury is inflicted even where the injury is slight initially and its full extent is not known until years later." *Richardson v. Rose Transport, Inc.*, No. 11-317-KKC, 2013 WL 620188

(E.D.Ky. Feb. 19, 2013), *citing Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 322 (6th Cir. 2010). A consortium claim is "derivative of the underlying bodily injury claim." *Asher*, 596 F.3d at 317. *See also, Manning v. Altec, Inc.*, 488 F.2d 127 (6th Cir. 1973)(under Tenn. statute; loss of consortium derivative of claims for personal injuries, thus same statute of limitations applies); *Thompson v. Kauffman*, 198 F.3d 247 (6th Cir. 1999)(under Ohio law; "loss of consortium is a derivative claim.").

White urges that she could not assert a post-death consortium claim until after the deadly occurrence. Nothing in the authority cited by White supports her contention that a separate post-death loss of consortium claim springs into existence upon the death of a previously injured spouse. Rather, the Kentucky authority establishes only that death does not extinguish a consortium claim. White clearly had a consortium claim upon injury to her husband, despite the fact that she had not yet asserted one. However, the statute of limitations, running from the date of injury, expired one year after the accident, barring her from bringing the claim now.

Alternatively, White argues that it is not proper to address the defendants' statute of limitations argument in addressing her motion for leave to file an intervening complaint. A proposed intervenor must meet four criteria, the first of which is that the application for intervention must be timely. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989). Citing *Triax Co. v. TRW Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984), the court in *Grubbs* noted that

> [I]n determining whether an intervention is timely, a court will consider the following factors: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

Applying factors four and five to the case at bar, White knew or reasonably should have known of her own interest in the personal injury claims at the inception of the suit and could have timely pursued them. To permit her to file a claim for loss of consortium at this late date would render the statute of limitations meaningless and would prejudice the defendants who are entitled to rely on the limitations provision.

The defendants have filed a motion *in limine* to exclude any evidence of or claim of damages arising from the plaintiff's death on May 7, 2014. White has not responded to the motion. The court thus concludes that White concedes that proximate cause between the initial injuries and the decedent's subsequent injury cannot be established. White cannot prove that the injury allegedly diminishing Paul White's mental capacity, was the "efficient procuring cause" of his death. Rather, an intervening act of negligence, of itself sufficient to produce the result, constitutes the legal proximate cause of White's death. *Gaines Administratrix v. City of Bowling Green*, 332 S.W.2d 348 (Ky.1930). The motion *in limine* will therefore be granted.

For the reasons set forth herein, and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Mary White to file an intervening complaint (DN 20) is **DENIED.**

The motion of the defendants, Carl. L. Perkins and Hartshorn, LLC, for an order *in limine* (DN 25) is **GRANTED** and evidence of or claims of damage arising from the death of Paul White on May 7, 2014 are excluded and shall not be raised at the trial of this matter.

**IT IS SO ORDERED.**

March 10, 2015

**Charles R. Simpson III, Senior Judge**
**United States District Court**